UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CESAR CONTRERAS ARMAS,<br><br>    Petitioner,<br><br>    v.<br><br>R. BAKER, et al.,<br><br>    Respondents. | Case No. 3:18-cv-00387-HDM-WGC<br><br>**ORDER** |

This is a habeas corpus action under 28 U.S.C. § 2254.  The court stayed this action while petitioner exhausted his available remedies in the state courts.  ECF No. 21.  The state court proceedings have concluded, and petitioner has filed a motion to reopen.  ECF No. 22.  Respondents do not oppose the motion.  ECF No. 24.  Good cause appearing, the court grants petitioner's motion.

IT THEREFORE IS ORDERED that petitioner's motion to reopen (ECF No. 22) is **GRANTED**.  The clerk of the court is directed to reopen this action and to lift the stay.

IT FURTHER IS ORDERED that respondents must file a response to the first amended petition (ECF No. 12), including potentially by motion to dismiss, within 60 days entry of this order and that petitioner may file a reply within 30 days of service of an answer.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

1  IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the
2 first amended petition must be raised together in a single consolidated motion to dismiss.  In other
3 words, the court does not wish to address any procedural defenses raised herein either in serial
4 fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural
5 defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents
6 must not file a response in this case that consolidates their procedural defenses, if any, with their
7 response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims
8 clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2):
9 (a) they must do so within the single motion to dismiss not in the answer; and (b) they must
10 specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in
11 <u>Cassett v. Stewart</u>, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses,
12 including exhaustion, may be included with the merits in an answer.  All procedural defenses,
13 including exhaustion, instead must be raised by motion to dismiss.

14  IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must
15 specifically cite to and address the applicable state court written decision and state court record
16 materials, if any, regarding each claim within the response as to that claim.

17  DATED: October 7, 2020

18  _____
   HOWARD D. MCKIBBEN
19  United States District Judge

2