UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CESAR CONTRERAS-ARMAS,<br><br>    Petitioner,<br><br>    v.<br><br>RENEE. BAKER, et al.,<br><br>    Respondents. | Case No. 3:18-cv-00387-HDM-WGC<br><br>**ORDER** |

**I.    Introduction**

This is a counseled habeas corpus action under 28 U.S.C. § 2254.  Currently before the court is respondents' motion to dismiss.  ECF No. 35.  Also before the court is the motion of petitioner Cesar Contreras-Armas for leave to file a surreply.  ECF No. 58.  The court finds that Contreras-Armas has not exhausted his state-court remedies for grounds 2, 3, 5, 6, 7, 8, and 9.  It is perfectly clear that ground 2 does not raise even a colorable claim for relief, and the court dismisses it.  The court also finds that grounds 3, 5, 6, 7, 8, and 9 would be dismissed under state-law procedural bars if Contreras-Armas returned to state court to exhaust them.  Those grounds thus are technically exhausted and procedurally defaulted.  The court defers consideration whether Contreras-Armas can show cause and prejudice to excuse the procedural defaults of those grounds to the briefing on the merits.  In all other respects the court rejects respondents'

1

arguments in their motion to dismiss. Regarding Contreras-Armas' motion for leave to file a surreply, the court finds good cause to grant this motion.

## II.     Procedural History

Pursuant to a guilty plea agreement, Contreras-Armas was convicted in state district court of one count of robbery and one count of second-degree murder with the use of a deadly weapon. ECF No. 28 at 2. The state district court sentenced him to 36 to 90 months for the count of robbery, 10 years to life for the count of second degree murder, and 72 to 180 months for the deadly-weapon enhancement; all sentences run consecutively. Id. The state district court entered the judgment of conviction on June 16, 2014. Id. Contreras-Armas did not appeal the judgment of conviction. Id.

On July 31, 2014, Contreras-Armas filed a proper-person state post-conviction habeas corpus petition. ECF No. 28 at 2. On July 7, 2015, he filed an amended petition with the leave of the court. Id. On November 10, 2015, the state district court dismissed grounds 1, 3, and 4 of the amended petition, ordered a hearing on ground 2, and appointed counsel. Id. at 2-3. Ground 2 was a claim that trial counsel deprived Contreras-Armas of a direct appeal. The state district court granted the petition on ground 2 on March 29, 2017. Id. at 3.

Contreras-Armas then proceeded to a delayed direct appeal under Rule 4(c) of the Nevada Rules of Appellate Procedure. The Nevada Supreme Court affirmed on May 15, 2018. Id. Remittitur issued on June 13, 2018. Id.

Contreras-Armas filed another proper-person state post-conviction habeas corpus petition on June 10, 2019, and he filed an amended petition on July 15, 2019. ECF No. 28 at 3. The state district court denied the petition. Contreras-Armas appealed, and the Nevada Court of Appeals affirmed on May 22, 2020. Remittitur issued on June 17, 2020. Id. at 4.

On August 13, 2018, Contreras-Armas sent to this court a proper-person federal habeas corpus petition. ECF No. 6. The court appointed counsel, who filed a first amended petition on August 7, 2019. ECF No. 12. The court then stayed the action while Contreras-Armas litigated his 2019 state post-conviction habeas corpus petition. ECF No. 21. On October 7, 2020, the

court, upon Contreras-Armas' motion, reopened the action. ECF No. 25. Contreras-Armas filed the operative second amended petition on December 7, 2020. ECF No. 28.

### III. Legal Standards

#### A. Timeliness

Contreras-Armas had one year from the date his judgment of conviction became final to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1)(A). He filed the initial, proper-person petition and the counseled first amended petition within one year. He filed the second amended petition after expiration of the one-year period. For a ground in the second amended petition to be timely, it must relate back to one of the earlier, timely petitions. Fed. R. Civ. P. 15(c).

#### B. Exhaustion

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

#### C. Procedural Default

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).

3

## IV. Discussion

### A. Timeliness and Motion for Leave to File Surreply

Respondents argue that the second amended petition in its entirety is untimely because Contreras-Armas filed it after expiration of the one-year period, unless Contreras-Armas can show otherwise with respect to each claim. ECF No. 35 at 7-8. Contreras-Armas responds that he cannot respond to the argument with any specificity because respondents did not identify the claims that do not relate back to an earlier, timely filed petition. ECF No. 46 at 23. Respondents reply that Contreras-Armas has the burden of showing that each individual claim relates back and that respondents need not identify which claims do not relate back. ECF No. 57 at 2-5. Contreras-Armas asks for leave to file a surreply to address respondents' argument about the burden of proof in their reply. ECF No. 58 at 2-3. The court usually disfavors a surreply, but in this case a good reason exists to grant Contreras-Armas' motion. Part A of the surreply addresses the cases that respondents cite in their reply. Contreras-Armas' argument in part A is what the court would have written on its own. The court sees no reason to rewrite what Contreras-Armas already has written. The court adopts part A and reproduces it in full here:

> Respondents claim that the entire second amended petition is untimely because it was filed "480 days after the AEDPA statute of limitations expired." Nowhere in the motion to dismiss or reply to opposition to motion to dismiss do Respondents identify which claim or claims in the second amended petition lack a common core of operative facts with those in Contreras-Armas' timely pro se petition, or timely first amended petition.
>
> In AEDPA litigation, timeliness is analyzed on a claim-by-claim basis. See, e.g., Mardesich v. Cate, 668 F.3d 1164, 1166. (9th Cir. 2012). Contreras-Armas cannot reasonably be required to file an opposition to a motion to dismiss where Respondents have failed to identify, or allege, which claims (on a claim-by-claim basis) in the second amended petition are untimely and fail to relate back. Respondents must identify which claims, or portion of claims, in the second amended petition fail to relate back to the timely petitions before Contreras-Armas can be required to prove that the claims do, in fact, relate back. This is the point Respondents failed to grasp—it's not that they have to prove lack of relation back, but they must specifically allege what claim or facts don't relate back before Contreras-Armas can prove that they do. Contreras-Armas cannot respond to an allegation that is not actually made.
>
> Interestingly, Respondents cite Ross v. Williams, 950 F.3d 1160 (9th Cir. 2020) for the proposition that petitioners have the burden of proving relation back. In Ross, the Ninth Circuit noted that the State filed a motion to dismiss which "contended that the amended petition's claims did not relate back to Ross's concededly timely original petition because the original petition lacked factual

4

> allegations." 950 F.3d at 1165.  It was only the specific allegation as to why the claims in the timely petition failed to relate back that triggered the petitioner's burden to prove relation back.  Indeed, the motion to dismiss in Ross contained a lengthy argument on relation back.  See Ross v. Williams, Case No. 2:14-cv-01527-JCM-PAL, ECF No. 30 at 12-14 (D. Nev. 2015).  Counsel for Ross was not required to guess which claims were at issue in order to file a response because the motion to dismiss was plead with specificity.
>
> Respondents also cite several federal district court cases, two in which a petition for writ of habeas corpus was brought pursuant to 28 U.S.C. § 2254—Moore v. Horel, No. CIV S-02-0007-JAM-DAD-P, 2009 WL 2513920, *6 (E.D. Cal. Aug. 17, 2009), and Grant v. Reed, No. 2:10-cv-729-FtM-99SPC, 2013 WL 2147798, at *2 (M.D. Fla. May 16, 2013).  But neither case supports Respondents' position.  While it is true both courts acknowledged it is the petitioner's burden to show relation back, it was only after the State made specific allegations as to which specific claims did not relate back that the courts determined the petitioner had not met the burden of demonstrating relation back.  Again, in each case, it was the specific allegation as to why the claims in the timely petition failed to relate back that triggered the petitioner's burden to prove relation back.
>
> Respondents' argument that it is Contreras-Armas' burden to prove relation back where no specific allegation that a claim or claims don't relate back is simply wrong.  Indeed, the statute of limitations is an affirmative defense, and where the State fails to raise the defense to claims in an amended petition, the defense is waived.  See, Chaker v. Crogan, 428 F.3d 1215, 1220 (9th Cir. 2005), citing Nardi v. Stewart, 354 F.3d. 1134, 1141 (9th Cir. 2004).  Here, Respondents, by failing to state which, if any, claims in the second amended petition do relate back (while simultaneously acknowledging the relation back doctrine) have waived the defense.  Indeed, Contreras-Armas can't be required to guess which claim or claims need to be proven to relate back, if any.  Respondents misunderstand their burden—Respondents must set forth specific allegations of untimeliness or lack of relation back before Contreras-Armas is required to prove relation back.

ECF No. 58-1 at 3-5.  The court adds that Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") states, "The answer must address the allegations in the petition.  In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."  Although Contreras-Armas has the burden of proving that a claim relates back to a timely petition, respondents have the burden of first identifying any claim that they believe does not relate back.  The Habeas Rules say nothing about motions to dismiss.  However, it would be inconsistent for respondents to have a lesser burden in a motion to dismiss than they would in an answer.  Respondents have not met the requirements of Habeas Rule 5(b), and the court rejects their argument that the second amended petition is untimely.

### B. Exhaustion and Procedural Default

#### 1. Ground 10

Ground 10 arises from the state district court's decisions in Contreras-Armas' first state habeas corpus proceedings. The state district court dismissed grounds 1, 3, and 4 of the amended state habeas corpus petition. P. Ex. 54 (ECF No. 14-25). The state district court determined that ground 2, failure of counsel to file a direct appeal, warranted a hearing. Id. After appointment of counsel and a hearing, on March 29, 2017, the state district court granted relief on ground 2. P. Ex. 61 (ECF No. 14-32). Pursuant to Rule 4(c) of the Nevada Rules of Appellate Procedure, the state district court clerk prepared a notice of appeal from the order of March 29, 2017. P. Ex. 62 (ECF No. 14-33). Contreras-Armas, through counsel, filed an opening brief that raised two direct-appeal claims of trial-court error and two claims related to the dismissal of grounds 1, 3, and 4 of the amended state habeas corpus petition. P. Ex. 68 (ECF No. 14-39). The Nevada Supreme Court affirmed the judgment of conviction. P. Ex. 73 (ECF No. 15-5).

In a footnote, the Nevada Supreme Court made several observations. First, although the notice of appeal stated that it was appealing from the order of March 29, 2017, the Nevada Supreme Court noted that the reference to a belated appeal and Nev. R. App. P. 4(c) were sufficient for it to infer an intent to appeal from the judgment of conviction. Second, the Nevada Supreme Court reminded the state district court clerk to specify in a Rule 4(c) notice of appeal that the appeal is from a judgment of conviction. Third, the Nevada Supreme Court noted that Rule 4(c) allows the state district court clerk to prepare a notice of appeal only in limited circumstances, which do not include the denial of a post-conviction habeas corpus petition, and thus the court lacked jurisdiction to consider the two claims related to the dismissal of grounds 1, 3, and 4 of the amended state habeas corpus petition. P. Ex. 73 at 1 n.1 (ECF No. 15-5 at 2). In other words, Contreras-Armas needed to file his own notice of appeal for the dismissal of those grounds.

Ground 10 of the current second amended petition is a claim that, after the state district court granted relief, counsel for Contreras-Armas failed to appeal the dismissed grounds.

Respondents' argument that ground 10 either is unexhausted or procedurally defaulted is based upon what happened in the state post-conviction proceedings that Contreras-Armas commenced after his belated direct appeal concluded. The state district court dismissed that petition as a procedurally barred second or successive petition under Nev. Rev. Stat. § 34.810(2). P. Ex. 86 (ECF No. 23-6). The Nevada Court of Appeals affirmed for the same reason. P. Ex. 92 (ECF No. 23-12). But see Nev. R. App. P. 4(c)(5) ("A habeas corpus petition filed after a direct appeal conducted under this Rule shall not be deemed a 'second or successive petition' under [Nev. Rev. Stat. §] 34.810(2)."). Contreras-Armas argued that counsel's failure to file a notice of appeal was good cause to excuse the procedural bar. The Nevada Court of Appeals stated:

> To the extent Contreras-Armas claimed previous postconviction counsel's ineffective assistance in failing to file an appeal constituted good cause, his argument lacked merit. Because Contreras-Armas, as a noncapital habeas petitioner, was not entitled to the appointment of postconviction counsel, the ineffective assistance of counsel could not constitute good cause. See Brown v. McDaniel, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014).

Id. at 2-3 (ECF No. 23-12 at 3-4). Even though Contreras-Armas did not present this argument to the state courts as a separate claim for relief, the court concludes that ground 10 is exhausted. The state courts determined that his post-conviction habeas corpus petition was procedurally barred, notwithstanding the rule that exempted his petition from the procedural bar, and this court sees no reason why the state courts would conclude differently if Contreras-Armas returned to the state courts again. No state-court corrective process remains. See 28 U.S.C. § 2254(b)(1)(B)(i).

The court also concludes that ground 10 is not procedurally defaulted. The Nevada Supreme Court reached the merits of the issue, determining that Contreras-Armas did not have the right to effective assistance of counsel because he did not have the right to appointed counsel. The Nevada Court of Appeals cited a decision of the Nevada Supreme Court, Brown v. McDaniel. However, the principle that Brown used, "'[w]here there is no right to counsel there can be no deprivation of effective assistance of counsel.'" 331 P.3d at 870, quotes McKague v. Whitley, 912 P.2d 255, 258 (Nev. 1996), and McKague itself cited Coleman v. Thompson, 501 U.S. 722, 752-54 (1991), for that principle. The application of Nev. Rev. Stat. § 34.810(2) in

7

Contreras-Armas' case thus was not independent of federal law. Ground 10 thus is not procedurally defaulted.

### 2. Grounds 5, 8, and 9

Grounds 5, 8, and 9 of the second amended petition correspond to grounds 1, 3, and 4 of the amended state habeas corpus petition, which the state district court dismissed. Respondents argue that these grounds are not exhausted because Contreras-Armas never presented them to a state appellate court in a way that that court would rule on them. As the court has discussed above regarding ground 10, if Contreras-Armas returns to state court to exhaust these grounds, then the state courts would find that they are procedurally barred under state law. Consequently, these grounds are exhausted because no state-court corrective process remains. See 28 U.S.C. § 2254(b)(1)(B)(i).

Grounds 5, 8, and 9 also are procedurally defaulted because the state courts would find them procedurally barred under state law. Contreras-Armas argues that his attorney abandoned him because she did not appeal the dismissal of these grounds in his state post-conviction habeas corpus proceedings. ECF No. 46 at 14-16. That argument also is the basis for ground 10, which the court has determined is exhausted and not procedurally defaulted. Consequently, the court will defer determination whether Contreras-Armas can show cause and prejudice to excuse the procedural default of grounds 5, 8, and 9 until its decision on the merits.

### 3. Grounds 3, 6, and 7

Contreras-Armas states that he has not presented ground 6 to the state courts. ECF No. 28 at 16. Respondents argue that Contreras-Armas has not exhausted grounds 3 and 7. As the court has discussed above regarding ground 10, if Contreras-Armas returns to state court to exhaust these grounds, then the state courts would find that they are procedurally barred under state law. Consequently, these grounds are exhausted because no state-court corrective process remains. See 28 U.S.C. § 2254(b)(1)(B)(i).

Grounds 3, 6, and 7 also are procedurally defaulted because the state courts would find them procedurally barred under state law. These grounds all are claims of ineffective assistance of trial counsel. Contreras-Armas' only argument for cause and prejudice to excuse the

8

procedural default of any ground is the ineffective assistance of post-conviction counsel. Nevada does not recognize ineffective assistance of post-conviction counsel a cause to excuse a state-law procedural bar. Brown, 331 P.3d at 874-75. In federal court, ineffective assistance of initial post-conviction counsel, or the absence of initial post-conviction counsel, can be cause to excuse a procedural default of a claim of ineffective assistance of trial counsel. Martinez v. Ryan, 566 U.S. 1 (2012). Contreras-Armas argues that he can demonstrate that either he did not have counsel at the time the state district court dismissed his claims or that initial post-conviction counsel was ineffective. ECF No. 46 at 6-14. Respondents ask the court to defer this decision until the merits are fully briefed. ECF No. 57 at 7. The court agrees.

**4.     Ground 2**

In ground 2, Contreras-Armas argues that the state district court did not consider his youth as a mitigating factor when sentencing him; Contreras-Armas was a minor at the time he committed his offenses. ECF No. 28 at 8-9 (citing Miller v. Alabama, 567 U.S. 460 (2012)). In the belated direct appeal, Contreras-Armas did argue that the state district court used inadmissible and suspect evidence—juvenile adjudications, allegations that he had stolen a car, comments by an officer, hearsay statements about Contreras-Armas stealing a music player, his behavior while he was under juvenile-court supervision—in determining its sentence. P. Ex. 68 at 24-35 (ECF No. 14-39 at 33-44).[1] In that section of the appellate brief, Contreras-Armas noted that the state district court asked the prosecution if Contreras-Armas' age was a mitigating factor. The prosecution responded that Contreras-Armas' age was a mitigating factor, but that it was the only mitigating factor. P. Ex. 68 at 34-35 (ECF No. 14-39 at 43-44).

The court agrees with respondents that Contreras-Armas has not exhausted his claim in ground 2. Contreras-Armas summarizes concisely the arguments that he made on the belated direct appeal:

> In his opening brief to the Nevada Supreme Court, Contreras-Armas argued he was only 17 years old at the time of the crime, he cited the Eighth Amendment's protection against cruel and unusual punishment, and he argued that the United States Supreme Court has recognized the diminished culpability of juvenile offenders. He also argued that retribution should not have been a factor in

---

[1] This claim now is ground 1 of the second amended petition. ECF No. 28 at 5-8

9

|    |    |
|---|---|
| 1  | sentencing given Contreras-Armas' age.  Contreras-Armas then argued that given his age and the Supreme Court's recognition of youth as a mitigating factor, his sentence violates the Eighth Amendment. |
| 2  | |

ECF No. 46 at 22 (citations omitted).  Contreras-Armas did indeed make all those arguments on direct appeal.  See Ex. 68 at 27-35 (ECF No. 14-39 at 36-44).  Those arguments are the basis for ground 1 of the second amended petition.  What Contreras-Armas did not argue to the Nevada Supreme Court was that his sentences violated Miller.  By not presenting that legal theory to the Nevada Supreme Court, Contreras-Armas has not exhausted the claim in ground 2.

The court will not require Contreras-Armas to determine what to do with ground 2 because it is without merit.  See 28 U.S.C. § 2254(b)(2).  In Miller, the Supreme Court stated, "We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."  567 U.S. at 479.  Miller is inapplicable to Contreras-Armas' sentences for multiple reasons.  First, Nevada law does not mandate, or even allow, a sentence of life imprisonment for the possibility of parole for any of Contreras-Armas' offenses.  Robbery requires a sentence with a minimum term not less than 2 years and a maximum term not more than 15 years.  Nev. Rev. Stat. § 200.380(2).  Second-degree murder has two potential sentences:  Life imprisonment with eligibility for parole starting after a minimum of 10 years, and 25 years' imprisonment with eligibility for parole starting after a minimum of 10 years.  Nev. Rev. Stat. § 200.030(5).  The use of a deadly weapon in furtherance of the murder requires a consecutive sentence with a minimum term not less than 1 year and a maximum term not more than 20 years.  Nev. Rev. Stat. § 193.165(1).  Second, the state district court did not impose a sentence of life in prison without possibility of parole for any of Contreras-Armas' offenses.  Third, Contreras-Armas' sentences running consecutively—36 to 90 months, 10 years to life, and 72 to 180 months—arising out of one case and one sentencing hearing, are not effectively a life sentence without the possibility of parole.  Cf. Moore v. Biter, 725 F.3d 1184, 1193-94 (9th Cir. 2013).  Miller is inapplicable to Contreras-Armas.  It is perfectly clear that Contreras-Armas does not raise even a colorable claim under Miller, and the court dismisses

ground 2 for lack of merit even though ground 2 is not exhausted. 28 U.S.C. § 2254(b)(2). See also Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).

**V.  Conclusion**

IT THEREFORE IS ORDERED that petitioner's motion for leave to file surreply (ECF No. 58) is **GRANTED**. Petitioner must file the surreply within 7 days of the date of entry of this order.

IT FURTHER IS ORDERED that respondents' motion to dismiss (ECF No. 35) is **GRANTED** in part. Ground 2 of the second amended petition is **DISMISSED** because it lacks merit. Grounds 3, 5, 6, 7, 8, and 9 of the second amended petition are technically exhausted because they would be procedurally barred by the state courts. Respondents' motion to dismiss (ECF No. 35) is **DENIED** in part with respect to all other arguments.

IT FURTHER IS ORDERED that the court defers consideration whether petitioner can demonstrate cause and prejudice to overcome the procedural default of grounds 3, 5, 6, 7, 8, and 9 of the second amended petition until after the filing of an answer and reply in this action.

IT FURTHER IS ORDERED that, within 60 days of the date of this order, respondents must file an answer addressing all remaining claims in the second amended petition and also addressing whether grounds 3, 5, 6, 7, 8, and 9 are barred by procedural default.

IT FURTHER IS ORDERED that petitioner will have 30 days from the date of service of the answer to file a reply.

DATED: December 21, 2021

_____
HOWARD D. MCKIBBEN
United States District Judge